**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES JORDAN, | CASE NO. 1:09-cv-01870-SKO PC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| v. | (Doc. 36) |
| N. GRANNIS, et al., | |
| Defendants. / | |

Plaintiff James Jordan ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 2, 2009, Defendants B. Davis and W. Brumbaugh filed a motion to dismiss. (Doc. #36.) Defendants argue that they are entitled to dismissal on the ground that Plaintiff's complaint fails to state a claim upon which relief can be granted under Section 1983. On December 2, 2009, Plaintiff filed an opposition to Defendants' motion to dismiss. (Doc. #43.) On December 7, 2009, Plaintiff filed an amended opposition. (Doc. #44.) Defendants filed a reply to Plaintiff's opposition on December 11, 2009. (Doc. #49.) All parties have consented to jurisdiction by U.S. Magistrate Judge. (Docs. #38, 40.)

**I.    Background**

**A.    Plaintiff's Complaint**

This action proceeds on Plaintiff's complaint filed on April 15, 2009 in the United States District Court for the Northern District of California. Plaintiff was paroled at the time he filed his complaint but his complaint concerns events that occurred while he was incarcerated at Pleasant Valley State Prison ("PVSP"). Plaintiff names R. Roman-Marin, B. Davis, W. Brumbaugh, and N.

Grannis as Defendants.[1] Plaintiff alleges that on September 18, 2007, he gave Defendants[2] an "original reconsideration-habeas corpus petition, case No. S150878, as legal mail, to be processed and mailed to the California Supreme Court's[sic], in response to the court's denial order on August 29, 2007." (Compl. 5.) Plaintiff claims that on August 29, 2007, Defendants retaliated against Plaintiff "by denying Plaintiff access to court, and only pretended to mail,[sic] Plaintiff[sic] legal mail. Because Plaintiff had earlyer[sic] subbmmitted[sic] several grievances, against the Defendants. . . ." (Compl. 5.)

Plaintiff's complaint also makes numerous allegations regarding the filing of false reports and placement in administrative segregation.[3] Plaintiff claims Defendant Roman-Marin directed several correctional officers to write false incident reports against Plaintiff in retaliation for Plaintiff's grievances against Roman-Marin. (Compl. 6.) Plaintiff claims that he handed his "reconsideration-habeas corpus petition" to Roman-Marin's subordinates, the third watch correctional officers in delta-gym, who failed to mail it to the court. (Compl. 7.)

Plaintiff claims that Defendant Grannis received numerous appeals from Plaintiff complaining about false reports and confinement in administrative segregation. (Compl. 8.) Plaintiff claims that Grannis failed to conduct an internal affairs investigation against prison officials at PVSP, did not inform the warden or the director of corrections about the incidents, or move Plaintiff to another yard in response to Plaintiff's appeals. (Compl. 8.) Plaintiff concludes that Grannis thereby "enabled" Roman-Marin's misconduct. (Compl. 8.) Plaintiff also alleges that Grannis informed Roman-Marin about Plaintiff's efforts to initiate an investigation into Roman-Marin's misconduct. (Compl. 8.)

---

[1] Defendants R. Roman-Marin and N. Grannis have not been served and have not made an appearance in this action.

[2] Plaintiff does not specifically identify to which defendants he handed his petition. The Court notes that it is unlikely that all four defendants were present when Plaintiff handed his petition.

[3] Although Plaintiff's complaint alleges wide-ranging misconduct by prison officials, his claims only concern the access to courts issue. Therefore, the Court construes Plaintiff's complaint as only raising an access to courts claim against Defendants. This interpretation is supported by Plaintiff's statement in his opposition that "Plaintiff brought this action . . . alleging a single cause of action for violation of Plaintiff's Due Process Rights Under[sic] the 14th Amendment." (Pl.'s Response in Opp'n to Defs.[sic] Notice of Mot. to Dismiss Under 12(b)(6); and Supporting Mem. of P. & A. 1:19-23.)

B.     **Defendants' Motion to Dismiss**

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state a claim upon which relief can be granted under Section 1983. Defendants argue that Plaintiff's complaint fails to state an access to courts claim because Plaintiff has failed to plead actual prejudice with respect to a non-frivolous legal claim. (Defs.' Notice of Mot. and Mot. to Dismiss Under Rule 12(b)(6); Supporting Mem. of P. & A. 3:5-8.) Defendants argue that Plaintiff has alleged that Defendants have interfered with Plaintiff's ability to seek reconsideration of the California Supreme Court's denial of Plaintiff's habeas petition. (Mot. to Dismiss 2:25-28.) Defendants contend that Plaintiff has failed to plead prejudice with respect to a non-frivolous legal claim because the California Supreme Court does not entertain requests for "reconsideration" of a final decision and Plaintiff's habeas petition was "final" when it was denied. (Mot. to Dismiss 3:2-6.) In essence, Defendants argue that the document that Plaintiff was attempting to file was meaningless under the California Supreme Court's procedural rules and Defendants' alleged interference had no bearing on the outcome of Plaintiff's habeas corpus proceedings.

C.     **Plaintiff's Opposition**

Plaintiff sets forth numerous arguments in his motion to dismiss.

First, Plaintiff argues that Defendants "abandoned" their "28 U.S.C. 1915(e)(2) Screening motion" by failing to renew their motion after the Northern District of California declined to address it. (Pl's Response in Opp'n to Defs.[sic] Notice of Mot. to Dismiss Under 12(b)(6); and Supporting Mem. of P. & A. 2:1-8.) Plaintiff argues that the Court is required to screen complaints brought by prisoners and dismiss complaints that fail to state a claim. (Opp'n 4:10-16.) Plaintiff argues that the Court directed the U.S. Marshal to serve Defendants with a summons and the complaint and would not have done so if the claims were not cognizable. (Opp'n 4:16-19.)

Plaintiff also asserts that Defendants "allege[d] in dismissal motion that Plaintiff only had one habeas corpus petition however[sic] defendants are incorrect and their errored[sic] motion should be denied because it is factually incorrect." (Opp'n 5:20-22.) Plaintiff claims that he has filed multiple habeas corpus petitions.

///

1    Plaintiff also argues that he was following the advice of his appellate counsel when he filed
2  his "reconsideration habeas corpus petition" and that his petition was necessary to exhaust his habeas
3  issues prior to pursuing them in federal court. (Opp'n 6:2-5.) Plaintiff claims that he raised habeas
4  issues in federal court in "petitions S129407 and S129497," which concerned exhausted issues, and
5  was "waiting for the unexhausted constitutional claims" in S150878 "to be exhausted, to catch up."
6  (Opp'n 7:3-4.)

7    Plaintiff argues that the issues raised in the petition that Defendants failed to mail were not
8  frivolous because the petition was prepared by Plaintiff's appellate counsel and Plaintiff's appellate
9  counsel is barred under the rules of professional conduct from raising frivolous claims. (Opp'n 7:20-
10 8:1.)

11   Finally, Plaintiff argues that his request for reconsideration was not frivolous because "the
12 California Supreme Court's denial of a petition for collateral relief does not become final until 30
13 days after the denial has been issued." (Opp'n 8:2-5.) Plaintiff contends that his habeas petition
14 concerned collateral relief. (Opp'n 8:1-2.)

15   **D.     Defendants' Reply**

16   Defendants argue that Plaintiff's complaint has not been screened by any court pursuant to
17 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2). (Reply in Support of Defs.' Mot. to Dismiss Under
18 Rule 12(b)(6) 1:27-2:6.) Defendants contend that Plaintiff has failed to allege that he suffered any
19 prejudice with respect to any non-frivolous legal claims because reconsideration was not available
20 for the denial of his habeas petition. (Reply 2:7-3:2.) Defendants note that Plaintiff's argument that
21 the California Supreme Court's denial was not final until 30 days after the denial was issued is no
22 longer viable. (Reply 2:23-24.) Defendants point out that on January 1, 2003, the California Rules
23 of Court were amended to provide that an order from the California Supreme Court denying a
24 petition for a writ of habeas corpus becomes final upon filing. (Reply 2:24-26.)

25 **II.    Discussion**

26   **A.     Failure To State a Claim/Pleading Standard**

27   Defendants move for dismissal under Rule 12(b)(6) on the ground that Plaintiff's complaint
28 fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss under

Rule 12(b)(6), "[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party." Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. "Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." Id.

To survive a motion to dismiss for failure to state a claim, a complaint must meet the pleading standard set by Federal Rule of Civil Procedure 8. Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**B.      Screening**

Plaintiff argues that the Northern District of California has already screened Plaintiff's complaint and determined that it states a cognizable claim. Plaintiff's argument lacks merit. There is no indication from the docket that Plaintiff's complaint has been screened.

Plaintiff assumes that his complaint must have been screened because the district courts are obligated to screen complaints from prisoners and that the Northern District of California would not have ordered the U.S. Marshal to initiate service of process if Plaintiff's complaint failed to state a claim. This assumption is false.

5

First, Defendants correctly note that Plaintiff filed his complaint when he was paroled. The screening statute, 28 U.S.C. § 1915A, only applies to "civil actions in which a prisoner seeks redress . . . ." Plaintiff was not a "prisoner" when he filed his complaint and there is no statute that required Plaintiff's complaint to be screened.[4] Even if Plaintiff's complaint had been screened, Plaintiff has cited no authority that prohibits the Court from revisiting the issue of whether Plaintiff's complaint fails to state a claim. The Court will, therefore, consider the merits of Defendants' motion.

### C. Access to Courts Claims

Plaintiff claims that Defendants violated Plaintiff's constitutional right of access to the courts. Prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures); Vandelft v. Moses, 31 F.3d 794, 796 (9th Cir. 1994); Ching v. Lewis, 895 F.2d 608, 609 (9th Cir. 1989) (per curiam). To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury with respect to a non-frivolous legal claim, a jurisdictional requirement that flows from the standing doctrine and may not be waived. See Lewis, 518 U.S. at 349-53. An "actual injury" is "'actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" Id. at 348.

The Supreme Court has recognized two types of access to courts claims: 1) claims based on "systemic official action [that] frustrates a plaintiff . . . in preparing and filing suits at the present time," and 2) claims seeking relief for "cases that cannot now be tried . . . no matter what official action may be in the future." Christopher v. Harbury, 536 U.S. 403, 412-14 (2002). Plaintiff's access to courts claim falls into the latter category because Plaintiff alleges that Defendants' conduct caused Plaintiff to receive an unfavorable result in his habeas proceeding in state court. In such backwards-looking access to courts claim, Plaintiff's right of access to courts "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court."

---

[4] 28 U.S.C. 1915(e)(2) permits a court to dismiss a case filed by a plaintiff proceeding in forma pauperis "at any time" if the court determines that the action fails to state a claim on which relief may be granted. Nothing in 28 U.S.C. 1915(e)(2) can be construed as mandating a district court to screen complaints from in forma pauperis plaintiffs, nor does the statute demand that complaints be screened before initiating service of process.

6

Id. at 415. Thus, the Supreme Court has held, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." Id. "[W]hen [an] access claim . . . looks backward, the complaint must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." Id. Further, "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id. at 416. "[T]he complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." Id. at 417-18.

Defendants correctly point out that Plaintiff has failed to allege the loss of a non-frivolous claim. The Court notes that Plaintiff has failed to adequately allege that his underlying habeas claim was non-frivolous. Plaintiff does not describe the basis of his habeas claim and has offered no allegations to support the conclusion that it was non-frivolous. Further, Plaintiff has failed to demonstrate that the "reconsideration-habeas corpus petition" would have had any impact in the outcome of his claim for habeas relief. Plaintiff alleged that he was pursuing a habeas petition, numbered "S150878," in the California Supreme Court. The California Supreme Court denied Plaintiff's habeas petition on August 29, 2007. Plaintiff attempted to file a "reconsideration-habeas corpus petition" on September 18, 2007 by handing it to prison officials for mailing, and contends that Defendants did not mail his "reconsideration-habeas corpus petition." Defendants argue that even assuming Plaintiff is correct, his filing would not have changed the outcome in Plaintiff's habeas petition.

Defendants cite to a number of California Rules of Court which prove fatal to Plaintiff's Section 1983 claim.[5] Defendants argue that the California Supreme Court could not have entertained Plaintiff's request for reconsideration because Rule 8.536 provides that "[t]he Supreme Court may order rehearing as provided in rule 8.268(a)," and Rule 8.268(a) only permits rehearing of a decision that is not final. Defendants cite Rule 8.532(b)(2)(C), which provides that "[t]he denial of a petition

---

[5] The Court takes judicial notice of the rules cited by Defendants.

7

for a writ within the court's original jurisdiction without issuance of an alternative writ or order to show cause" is final upon filing.[6] Thus, Defendants' actions caused no "actual injury" to Plaintiff, in terms of prejudice to Plaintiff's habeas petition. Whether or not Plaintiff's "reconsideration-habeas petition" was mailed would have had no impact on Plaintiff's habeas proceeding before the California Supreme Court. Plaintiff has not offered any plausible explanation as to how Defendants' actions had any impact on Plaintiff's eligibility for habeas relief.

The only argument advanced by Plaintiff that properly addresses the arguments raised in Defendants' motion to dismiss is Plaintiff's argument that the California Supreme Court's denial of his habeas petition was not final until thirty (30) days after the denial was issued. Plaintiff cites Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001) in support of his argument. Bunney cited to an old California Rule of Court which provided that decisions of the California Supreme Court are not final until 30 days after filing. Defendants correctly note that the current version of Rule 8.532(b)(2)(C) was in effect when the California Supreme Court denied Plaintiff's habeas petition. Cal. Rules of Court 8.532(b)(2)(C) hist. n. (2010) (referring to the most recent amendment of the rule: "The Jan. 1, 2007 amendment, adopted June 30, 2006 as part of the reorganization of the California Rules of Court, renumbered this rule, updated citing references, and made nonsubstantive changes.") Thus, the denial was final upon filing.

Plaintiff's remaining arguments in opposition are unavailing. Plaintiff argues that Defendants' motion to dismiss contains factual inaccuracies because Plaintiff filed multiple habeas corpus petitions and Defendants alleged that Plaintiff only filed one petition. Plaintiff's argument lacks merit.

First, Defendants never alleged that Plaintiff "only had one habeas corpus petition." Second, even if Defendants mistakenly alleged that Plaintiff only filed one habeas corpus petition, the mistaken allegation has no bearing on their argument. Plaintiff also argues that his "reconsideration-habeas corpus petition" cannot be frivolous because Plaintiff prepared it on the advice of his

---

[6] Article VI, section 10 of the California constitution provides that the California Supreme Court has original jurisdiction in habeas corpus proceedings. The Court takes judicial notice of Article VI, section 10 of the California constitution.

1  appellate counsel.  The Court cannot conclude that Plaintiff's filing had merit based on the
2  assumption that Plaintiff's appellate counsel followed the rules of professional conduct.  It is
3  Plaintiff's burden to demonstrate that his filing was not frivolous.  Plaintiff has failed to carry that
4  burden by failing to provide even the most basic description of his habeas petition.

5  Plaintiff's complaint fails to plead any facts that plausibly support the conclusion that
6  Plaintiff suffered any prejudice as a result of Defendants' alleged failure to mail Plaintiff's
7  "reconsideration-habeas corpus petition."  Defendants have persuasively demonstrated that
8  Plaintiff's filing could not have had any impact on his habeas corpus petition because his petition
9  had already been denied and the California Supreme Court's decision was not subject to
10 reconsideration. Plaintiff has not presented any argument that rebuts Defendants' showing.  Further,
11 there is no indication that Plaintiff could allege any facts that would cure the deficiencies in his
12 claims.  Therefore, the Court will dismiss Plaintiff's claims without leave to amend.  See Lopez v.
13 Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend
14 should be granted even if no request to amend was made unless the court determines that the
15 pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d
16 1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless
17 it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).

18 **III.    Conclusion and Order**

19 The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be
20 granted under Section 1983.  The Court further finds that Plaintiff's complaint cannot be cured by
21 the allegation of any addition facts.  Plaintiff cannot allege any facts that would plausibly support
22 the conclusion that Defendants' failure to mail Plaintiff's "reconsideration-habeas corpus
23 petition" prejudiced Plaintiff's petition for habeas corpus in any way.

24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed on November 2, 2009, is GRANTED;
2. Plaintiff's complaint is DISMISSED, with prejudice and without leave to amend; and
3. The Clerk is directed to close this action.

IT IS SO ORDERED.

**Dated:   July 15, 2010**                               /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE